**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  12-cv-2365

CLAYBORN CARRIKER and DORIS CARRIKER, husband and wife,
    **Plaintiffs,**

v.

CITY & COUNTY OF DENVER COLORADO, INCLUDING DENVER INTERNATIONAL AIRPORT (DIA); and ISS FACILITY SERVICES, INC. and JOHN DOE(S), former and current Administrators of any Airport facility maintained, operated, or controlled by the City & County of Denver or the Denver International Airport or ISS Facility Services, Inc., in their Official and Individual Capacities,
    **Defendants.**

---

**DEFENDANT CITY & COUNTY OF DENVER, MANAGER OF AVIATION KIM DAY AND DEPUTY MANAGER OF AVIATION DAVE LaPORTE'S UNOPPOSED MOTION FOR STAY OF DISCOVERY**

---

COMES NOW the Defendant, City & County of Denver, Manager of Aviation Kim Day and Deputy Manager of Aviation, Dave LaPorte, by and through their attorney Andrew J. Carafelli of the law firm Dewhirst & Dolven, LLC, and files their Motion for Stay of Discovery and as grounds therefore, states as follow:

### I.   CERTIFICATE OF CONFERRAL PURSUANT TO RULE 7.1A

1.   That the undersigned conferred with Plaintiffs' counsel regarding the filing of this motion and Plaintiffs have no objection to the relief sought herein.

2.   On or about October 18, 2012, Defendant City & County of Denver and Manager of Aviation, Kim Day and Deputy Manager of Aviation, Dave LaPorte filed their Motion To Dismiss pursuant to F.R.C.P. 12(b)(1) and (6).  The main thrust of their Motion was that this Court lacked the jurisdiction to hear Plaintiff's Amended Complaint on the grounds that

1

Plaintiffs had failed to comply with the jurisdictional requirements of the Colorado Governmental Immunity Act ("CGIA"), § 24-10-101 *et. seq.* C.R.S. 2011. Defendants also argue that the City & County of Denver and its employees have immunity from Plaintiffs' claims on the grounds that many of the claims are not recognized exceptions to immunity under the CGIA.

3. A motion to stay discovery is an appropriate exercise of the Court's discretion. *Landis v. N. Am. Co.* 29 U.S. 248, 254-255 (1936) "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done cause for the exercise of judgment, which must weigh competing interest and maintain an even balance." *Id*. (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763, (1931).

4. The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Future Trading Commissions (Comm'n) v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 at F.2d 337, 339 (2d Cir. 1971)).

5. Nevertheless, a Court may decide that in a particular case it would be wise to stay its discovery on the merits until [certain challenges] have been resolved." *8A Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure* (§ 2040, at 198 ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the

issue is pending): *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) findings stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. F.G. Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

6. Legal questions regarding the Court's jurisdiction should be resolved as early as possible in the litigation before incurring the burdens of discovery. *See Behrnes v. Pelletier*, 516 U.S. 299, 308 and 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x. 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question).

7. In determining whether a stay is appropriate, the following five factors guide the Court's analysis:

(1) Plaintiff's interest in proceeding expeditiously with the civil litigation and the potential prejudice to Plaintiff of a delay;

(2) The burden on the Defendant;

(3) The convenience to the court;

(4) The interest of persons now parties to the civil litigation; and

(5) The public interest.

*See, Lanne v. R. A. Yohn*, 2012 WL 4928216 (D. Colo.)

8. Turning to the first factor, here Plaintiff does not oppose the stay. Plaintiff's lack of opposition would indicate that the cost of such a delay would not be inordinate or unduly burdensome and as such the first factor weighs in favor of a stay.

9. The second factor examines the burden on Defendant if the parties are required to proceed with discovery while the motion to dismiss is pending. Here, if Defendant's motion to dismiss is granted it would dispose of all claims in this litigation. Further, any discovery or efforts by the parties may be wasted entirely if the case does not survive early dismissal. Because the potential burden on Defendants is high, the second factor weighs in favor of a stay.

10. Turning to the third factor, it should be noted that apparently Plaintiff has yet to serve Defendant ISS Facility Services, Inc. in this matter. As such, any scheduling order and/or discovery schedule will have to potentially be modified at a later date assuming ISS Facility Services, Inc. is finally served and brought in to this matter. As such, a stay would make more economic sense of the Court's time in that should the Defendant's motion not be granted at a later date all the Defendants then could agree on a discovery schedule and the Court will not have to duplicate its efforts later on once the Defendant ISS Facility Services, Inc. is brought into this action.

11. The remaining two factors do not weigh in the balance regarding the stay.

## II. CONCLUSION

12. Because factors 1, 2 and 3 weigh in favor of a stay in this matter, Defendants would respectfully request that this Court enter a stay of discovery until such time that its Motion to Dismiss is ruled upon by the Court.

*Original Signature on File at the Office of Dewhirst & Dolven, LLC*

*/s/ Andrew J. Carafelli*
Andrew J. Carafelli, # 25071
DEWHIRST & DOLVEN, LLC
650 S. Cherry Street, # 600
Denver, CO 80246
(303) 757-0003 (phone)
(303) 757-0004 (facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2012, I electronically filed the **DEFENDANT CITY & COUNTY OF DENVER, MANAGER OF AVIATION KIM DAY AND DEPUTY MANAGER OF AVIATION DAVE LaPORTE'S UNOPPOSED MOTION FOR STAY OF DISCOVERY** with the Clerk of Court using the CM/ECF system and have mailed or served the foregoing to the following non-CM/ECF participants:

Timothy Kelly, Esq.
Timothy Kelly & Associates, LLC
600 17th Street
Denver, CO  80202

*s/ Angela Collins*