IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02365-WJM-KLM

CLAYBORN CARRIKER, husband, and
DORIS CARRIKER, wife,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, including its Denver International Airport Facility,
ISS FACILITY SERVICES, INC., and
JOHN DOE(S), former and current Administrators of any Airport facility maintained, operated, or controlled by the City & County of Denver or the Denver International Airport, or ISS Facility Services, Inc. in their Official and Individual Capacities,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Unopposed Motion for Stay of Discovery** [Docket No. 13; Filed October 31, 2012] (the "Motion") filed by Defendant City and County of Denver ("Defendant").[1]  The parties seek a stay because a Motion to Dismiss [#12] pertaining to the Court's subject matter jurisdiction is pending.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

---

[1] Defendant's Motion also states that it is filed on behalf of Manager of Aviation Kim Day and Deputy Manager of Aviation Dave LaPorte although neither of them has been named as a party in this action.

6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in

either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, Plaintiff does not oppose the Motion and thus does not allege that any prejudice will result from the stay. Because the case was just filed approximately two months ago, the Court finds that imposing a stay of discovery at this stage would not cause prejudice to Plaintiff.

With regard to the second factor, Defendant explains that a favorable ruling on the Motion to Dismiss would dispose of all claims in this litigation. [#13] at 4. Thus, Defendant argues, any discovery by the parties may be wasted effort if the case is dismissed. *Id.* The Court agrees that proceeding with the discovery process under these circumstances presents a significant burden and finds that the second factor weighs in favor of granting a stay.

With regard to the third factor, it is certainly more convenient for the Court to grant the stay of discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Thus, the third factor weighs in favor of granting a stay.

With regard to the fourth factor, no nonparties with significant particularized interests in this case have been identified. The Court therefore finds that absent any specific nonparty interests that would be affected, the fourth factor neither weighs in favor of nor

against granting a stay.

With regard to the fifth and final factor, the Court finds that the public's primary interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth factor weighs in favor of granting a stay.

Weighing the relevant factors, the Court finds that a stay of discovery is warranted in light of the pending Motion to Dismiss [#12] which would, if granted, resolve the entire case. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED** and that discovery is **STAYED** pending resolution of the Motion to Dismiss [#12].

IT IS FURTHER **ORDERED** that in light of the stay, the Scheduling Conference set for November 6, 2012 at 10:00 a.m. is **VACATED**. The Court will reset the Scheduling Conference, if necessary, after resolution of Defendant's Motion to Dismiss [#12].

DATED: November 2, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge