IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02365-WJM-KLM

CLAYBORN CARRIKER, husband, and
DORIS CARRIKER, wife,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, including its Denver International Airport Facility,
ISS FACILITY SERVICES, INC., and
JOHN DOE(S), former and current Administrators of any Airport facility maintained, operated, or controlled by the City & County of Denver or the Denver International Airport, or ISS Facility Services, Inc. in their Official and Individual Capacities,

    Defendants.
_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion for Leave to Amend Complaint** [Docket No. 35; Filed March 29, 2013] (the "Motion"). On April 19, 2013, Defendants City & County of Denver ("Denver"); Manager of Aviation, Kim Day ("Day"); and Deputy Manager of Aviation for Facilities Management, Dave LaPorte ("LaPorte") (collectively "Defendants") filed a joint Response ("Joint Resp.") [#37]. Also on April 19, 2013, Defendant ISS Facility Services, Inc. ("ISS") filed a Response ("ISS Resp.") [#38]. The Motion is referred to this Court for resolution. [#36]. For the reasons set forth below, the Court **DENIES** the Motion [#35].

## I. BACKGROUND

This action arises from an accident that occurred on August 23, 2011, when Clayborn Carriker ("Mr. Carriker") fell while entering a bathroom at Denver International Airport ("DIA"). *Am. Compl.* [#11] at 4. Mr. Carriker was taken to St. Luke's Hospital and "was diagnosed with a transcervical fracture of the right hip, right femoral neck fracture, shortness of breath, and shoulder pain." *Id.* On September 5, 2012, Plaintiffs filed a Complaint and Jury Demand [#1]. On October 5, 2012, Plaintiffs filed an Amended Complaint & Jury Demand [#11].

In their Amended Complaint, Plaintiffs raise two causes of action against Defendants based on their contention that Defendants failed to properly train personnel, supervise personnel, and maintain the facilities at DIA. *Id.* at 3-6. First, they allege negligent failure to train or supervise pursuant to the Colorado Premises Liability Act. *Id.* at 3-5. Second, Plaintiffs allege loss of consortium. *Id.* at 5-6.

On November 6, 2012, Plaintiffs filed a Second Amended Complaint & Jury Demand [#20]. On November 16, 2012, Defendants filed a Motion to Strike Plaintiff's Second Amended Complaint [#28]. On December 20, 2012, the Court granted Defendant's Motion to Strike because Plaintiffs failed to obtain "Defendants' written consent or seek leave of court before filing their Second Amended complaint" pursuant to Fed. R. Civ. P. 15(a)(1). *Order* [#33].

Pursuant to the Motion, Plaintiffs seek to amend their Amended Complaint to remove "certain named defendants who are employees of Defendant City of Denver" and remove a request for punitive damages. *See generally Motion* [#35]; *compare Am. Compl.* [#11] *with Proposed Second Am. Compl.* [#20].

## II.  ANALYSIS

The pleading amendment deadline expired on January 6, 2013.  *See Scheduling Order* [#14] at 5; *Joint Resp.* [#37] at 2.  The present Motion was filed on March 29, 2013 and is, therefore, untimely.  *Motion* [#35].

"Because Plaintiff[s] filed [their] Motion after the deadline for amending the pleadings, the Court employs a two-step analysis, first determining whether Plaintiff[s have] shown good cause to modify the Scheduling Order [#14] under Fed. R. Civ. P. 16(b), [and] then evaluating whether Plaintiff[s have] satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a)."  *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).[1]  Plaintiffs are entitled to amend their Amended Complaint only if they make the requisite showing at each step of the analysis.  The Court has explained the two-step analysis as follows:

> Rule 16(b)'s good cause standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this Court may "modify the schedule on a showing of good

---

[1] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 F. App'x 57, 62 n.4 (10th Cir. 2009) (internal quotation omitted); *Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated." (collecting cases)); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (explaining that the Court of Appeals "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the [pleading amendment] deadline, but has not done so in the context of an amendment to the complaint" (internal citation omitted)).

>  cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting Fed. R. Civ. P. 16(b)) (citations omitted); *accord Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). "Once Plaintiff[s have] shown good cause for modifying the scheduling order, [they] must also satisfy the requirements of Rule 15(a) for amending the pleadings." *Nicastle*, 2011 WL 1465586, at *2. If Plaintiffs fail to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether Plaintiffs have satisfied the requirements of Rule 15(a). *Id.* at *3; *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of the moving party's failure to establish good cause under Rule 16(b)).

A scheduling order deadline, such as the pleading amendment deadline, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). To demonstrate good cause pursuant to Rule 16, Plaintiffs must "show that [they were] diligent in attempting to meet the [pleading amendment] deadline, which means [they] must provide an adequate explanation for any delay." *Minter*, 451 F. 3d at 1205 n.4; *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) ("To establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have

been met with diligence.").

Here, however, Plaintiffs have neither sought leave to amend the Scheduling Order nor so clearly demonstrated good cause that the Court might *sua sponte* raise and determine the issue.  *See generally Motion* [#35].  Rather, Plaintiffs simply argue that the statute of limitations has not run and "Plaintiffs' intended pleading has already been filed . . . Thus, its contents are already well-known to defendants; and are well-known not to constitute any prejudice to any defendant."  *Id.* at 2.  "Because Plaintiffs have not provided good cause for seeking leave to amend their Amended Complaint [nearly three months] after the expiration of the pleading amendment deadline, their Motion is subject to denial on this basis alone."  *Colo. Visionary Acad.*, 194 F.R.D. at 688 (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'  Prejudice to the opposing party need not be shown also."); *cf. Minter*, 451 F.3d at 1205 (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness may).  Accordingly, the Court does not analyze the Motion under the standard set forth in Fed. R. Civ. P. 15(a).  *Nicastle*, 2011 WL 1465586, at *3 ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15.").

### III. CONCLUSION

For the reasons set forth above, the Motion [#35] is **DENIED**.

Dated:  May 16, 2013                                        BY THE COURT:

*[signature]*

Kristen L.  Mix
United States Magistrate Judge