IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-2365-WJM-KLM

CLAYBORN CARRIKER, and
DORIS CARRIKER,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
ISS FACILITY SERVICES, INC.,
KIM DAY, in her official capacity as Manager of Aviation,
DAVE LAPORTE, in his official capacity as Deputy Manager of Aviation for Facilities Management, and
JOHN DOE(S), former and current Administrators or Employees of any Airport facility maintained, operated, or controlled by the City & County of Denver or its Dept. of Aviation or ISS FACILITY SERVICES, INC. in their *Respondeat Superior*, individual and official capacities,

    Defendants.

---

**ORDER GRANTING MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT**

---

Plaintiffs Clayborn Carriker and Doris Carriker (collectively "Plaintiffs") bring this slip and fall negligence action against Defendants City and County of Denver, Colorado, ISS Facility Services, Inc. ("ISS"), Kim Day, Dave LaPorte, and John Doe(s) (collectively "Defendants"). (Am. Compl. (ECF No. 11) ¶¶ 18-40.) Before the Court is Defendant ISS's Motion to Set Aside Clerk's Entry of Default ("Motion"). (ECF No. 25.) For the reasons set forth below, the Motion is granted.

## I.  BACKGROUND

Plaintiffs are a married couple residing in Florida.  (Am. Compl. ¶¶ 6-8.)  On August 23, 2010, Plaintiffs were traveling through Denver International Airport when Clayborn Carriker slipped on an unknown slippery substance on the restroom floor and fell.  (*Id.* ¶¶ 16, 22.)  Plaintiffs filed a Complaint (ECF No. 1) on September 5, 2012, and an Amended Complaint on October 5, 2012, alleging that Defendants' negligence was the proximate cause of Plaintiffs' injuries under the Colorado Premises Liability Act, Colo. Rev. Stat. §§ 13-21-115, *et seq*.  (Am. Compl. ¶¶ 32, 40.)

On November 5, 2012, because ISS had filed neither an answer nor a responsive pleading, Plaintiffs filed a Motion for Entry of Default.  (ECF No. 18.)  A Clerk's Entry of Default was entered against ISS on November 6, 2012.  (ECF No. 19.)  On the following day, November 7, 2012, two attorneys entered appearances on behalf of ISS (ECF Nos. 21, 22), and on November 9, 2012, ISS filed the instant Motion.  (ECF No. 25.)  Plaintiffs filed a Response on November 26, 2012.  (ECF No. 29.)  ISS filed its Reply on December 10, 2012.  (ECF No. 32.)

## II.  LEGAL STANDARD

When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  However, the Court may set aside an entry of default for "good cause".  Fed. R. Civ. P. 55(c).  "[I]n determining whether a defendant has met the good cause standard," courts consider "(1) whether the default was the result of culpable conduct of the

defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The factors are not "talismanic," and a court may choose not to consider all three factors, or to consider additional factors. *Id.*

While "[t]he preferred disposition of any case is upon its merits and not by default . . . , this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion" when considering a motion to set aside a default. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

### III. ANALYSIS

ISS argues in its Motion that it has shown good cause to set aside the Clerk's entry of default, because ISS was not culpable for its default, Plaintiffs will not be prejudiced by the granting of the Motion, and ISS has meritorious defenses. (ECF No. 25 at 4-8.) The Court will consider each factor in turn.

**A.  Culpable Conduct**

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (citing 6 James W. Moore *et al.*,

3

Moore's Federal Practice ¶ 55.10[1] (2d ed. 1992)).  Conversely, an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c).  *See id.*; *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (describing "culpable conduct" as "intentionally" failing to answer, or acting in bad faith in order to take advantage of the opposing party, to interfere with judicial decisionmaking, or otherwise trying to manipulate the legal process).

Further, a party's prompt motion to set aside an entry of default serves to mitigate any culpability that may exist.  *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008); *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (citing *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 51011 (N.D. Ohio 1983) (finding that a mistaken delay in response was not willful because the defendant "expeditiously moved to remedy his mistake")).

Here, ISS claims that it mistakenly relied upon its insurance carrier to assign counsel and timely respond to the Amended Complaint, and such an honest, good faith mistake constitutes good cause.  (ECF No. 25 at 5-6 (citing *Zen & Art*, 2006 WL 1883173 at *2).)  ISS states that its insurance carrier gave it false assurances that counsel was handling the case appropriately.  (*Id.* at 6.)  Additionally, ISS points out that it filed its Motion only three days after the Clerk's entry of default, mitigating any culpability stemming from its "misplaced reliance" on its insurance carrier.  (ECF No. 32 at 5.)

In their Response, Plaintiffs argue that ISS's attempt to blame its delay in responding to the suit on its insurance carrier's counsel does not constitute "excusable neglect", and that a party is held accountable for the omissions of its counsel.  (ECF No. 29 at 2-4.)  However, Plaintiffs' argument erroneously applies the legal standard for setting aside a default *judgment*, which is governed by Rule 60(b), rather than that for setting aside a clerk's entry of default, governed by Rule 55(c).  (*Id.* at 3-6 (citing *Murray v. Solidarity of Labor Org. Int'l Union Benefit Fund*, 172 F. Supp. 2d 1134 (N.D. Iowa 2001) (evaluating a motion to set aside a default judgment)).)  The good cause standard under Rule 55(c) is significantly less demanding than the excusable neglect standard necessary to set aside a default judgment under Rule 60(b).  *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).  Plaintiffs' arguments are therefore inapposite.

The Court finds that ISS's delay in responding was not attributable to culpable conduct.  Although Plaintiffs' Response discusses at length the individual errors that resulted in ISS's default, there is no evidence that ISS's delay was intentional, willful, or in bad faith.  (*See* ECF No. 29 at 3-6.)  By all indications, ISS made a good faith error in relying on a third party and failing to confirm compliance with the relevant deadlines.  ISS's rapid response to the entry of default, filing the instant Motion within three days, mitigates any culpability that may have resulted from its mistake.  *See Zen & Art*, 2006 WL 1883173 at *2; *Jenkins & Gilchrist*, 542 F.3d at 123.  Thus, under the liberal "good cause" standards of Rule 55(c), the lack of culpable conduct weighs in favor of setting aside the entry of default.

### B.     Prejudice to Plaintiffs

As in the analysis of culpable conduct, prejudice to the plaintiff is also mitigated where the defendant acted quickly to remedy the mistake.  *See Procom Supply, LLC v. Langner*, 2012 WL 2366617, at *3 (D. Colo. June 21, 2012) (finding no prejudice in setting aside entry of default when defendant filed a motion for relief three days after default was entered); *Zen & Art*, 2006 WL 1883173, at *3 (finding no prejudice where counsel entered an appearance seven days after the entry of default and filed a motion for relief ten days after default was entered).

In their Response, Plaintiffs again cite cases involving the wrong legal standard, and insist that they would be prejudiced by further delay as it would provide "greater opportunities for fraud and collusion" between ISS, its insurer, and its subcontractor. (ECF No. 29 at 6-7 (again citing *Murray*, involving a motion to set aside a default judgment).)  As evidence of such fraud, Plaintiffs cite a log report of Clayborn Carriker's injury that was written on August 23, 2011 and modified several days later.  (*Id.* at 7.) Even assuming that such a modification constituted fraud, Plaintiffs' argument is nonsensical; the Court fails to see how an extension of time for ISS to file its responsive pleading—the practical consequence of setting aside the entry of default—would increase the likelihood of further fraud involving a document from 2011 that has already been produced, or how such a modification would be indicative of further wrongdoing. (*See* ECF No. 25-4.)  Plaintiffs make no other argument that they would be prejudiced by the granting of the Motion.  (*See* ECF No. 29.)

ISS's counsel entered an appearance the day after default was entered, and filed its Motion only two days later—a mere four days after Plaintiffs filed their motion requesting the entry of default. (*See* ECF Nos. 18, 19, 25.) Because discovery has been stayed in this case since November 2, 2012, and no scheduling conference has yet occurred, Plaintiffs have lost no time with regard to their opportunity to prepare their case. (*See* ECF No. 16.) Accordingly, the Court finds no prejudice to Plaintiffs from the granting of the instant Motion, and this factor also weighs in favor of setting aside the entry of default.

**C.    Meritorious Defenses**

In determining whether a defendant has sufficiently meritorious defenses to set aside an entry of default, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978); *Signed Pers. Check No. 730*, 615 F.3d at 1094 (noting that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense").

Here, ISS has raised disputes of fact as to ISS's involvement in and knowledge of Clayborn Carriker's fall, as well as questions of causation, all of which would affect ISS's liability for Plaintiffs' injuries. (ECF No. 25 at 7-8.) ISS has also indicated that the role of its subcontractor, Whayne and Sons Enterprises, Inc., affects its legal status as a "landowner" under the Colorado Premises Liability Act such that it may not be liable

for Plaintiffs' injuries.  (*Id.* at 8.)  If the facts are found to be as ISS has alleged, they would constitute a defense to some or all of Plaintiffs' claims.  Thus, ISS has come forward with defenses that it should have the opportunity to assert before the finder of fact, and this factor also weighs in favor of setting aside the default.

In sum, the Court finds that ISS has demonstrated that its failure to timely respond resulted from an honest mistake, that it moved quickly to remedy its mistake and avoid prejudice to Plaintiffs, and that it has potentially meritorious defenses.  Given that "[t]he preferred disposition of any case is upon its merits and not by default," the Court finds that ISS has made a showing of good cause under Rule 55(c) to set aside the clerk's entry of default.  *See Gomes*, 420 F.2d at 1366.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant ISS's Motion to Set Aside Clerk's Entry of Default (ECF No. 25) is GRANTED and the Clerk's Entry of Default (ECF No. 19) is VACATED; and

2. Defendant ISS shall file an answer or responsive pleading on or before **June 18, 2013**.

Dated this 29th day of May, 2013.

BY THE COURT:

William J. Martinez
United States District Judge