IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02365-WJM-KLM

CLAYBORN CARRIKER, husband, and
DORIS CARRIKER, wife,

Plaintiffs,

v.

ISS FACILITY SERVICES, INC., and

Defendant.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Unopposed Motion for Leave to Amend the Complaint** [Docket No. 67; Filed August 22, 2013] (the "Motion"). The Motion is referred to this Court for resolution [#68]. For the reasons set forth below, the Motion [#67] is **GRANTED**.

## I. BACKGROUND

This action arises from an accident that occurred on August 23, 2011, when Clayborn Carriker ("Mr. Carriker") fell while entering a bathroom at Denver International Airport ("DIA"). *Am. Compl.* [#11] at 4. Mr. Carriker was taken to St. Luke's Hospital and "was diagnosed with a transcervical fracture of the right hip, right femoral neck fracture, shortness of breath, and shoulder pain." *Id.* On September 5, 2012, Plaintiffs filed a Complaint and Jury Demand [#1]. On October 5, 2012, Plaintiffs filed the Amended Complaint & Jury Demand [#11].

In their Amended Complaint, Plaintiffs raise two causes of action against Defendant and former defendants based on their contention that Defendant and former defendants failed to properly train personnel, supervise personnel, and maintain the facilities at DIA. *Id.* at 3-6. First, they allege negligent failure to train or supervise pursuant to the Colorado Premises Liability Act. *Id.* at 3-5. Second, Plaintiffs allege loss of consortium. *Id.* at 5-6.

On November 6, 2012, Plaintiffs filed a Second Amended Complaint & Jury Demand [#20]. On November 16, 2012, Defendants filed a Motion to Strike Plaintiff's Second Amended Complaint [#28]. On December 20, 2012, the Court granted Defendant's Motion to Strike because Plaintiffs failed to obtain "Defendants' written consent or seek leave of court before filing their Second Amended Complaint" pursuant to Fed. R. Civ. P. 15(a)(1). *Order* [#33].

On March 29, 2013, Plaintiffs filed a Motion for Leave to Amend Complaint [#35]. On April 19, 2013, Defendants filed Responses [##37, 38]. On May 16, 2013, the Court denied Plaintiffs' Motion for Leave to Amend Complaint [#35] pursuant to Fed. R. Civ. P. 16 [#39].

On May 30, 2013, the Court granted a motion to dismiss filed by Defendants City and County of Denver, Colorado; Kim Day; and Dave LaPorte (collectively, the "Denver Defendants"), finding that "Plaintiffs here have failed to plead that the cause of their injuries was a 'physical condition' of the DIA building or a use thereof," *Order* [#41] at 8 and that, as a result, Plaintiffs' claims against the Denver Defendants were barred by the Colorado Governmental Immunity Act, *id*. at 10. Therefore, the Court dismissed the claims asserted against the Denver Defendants without prejudice. *Id*. at 12.

On June 24, 2013, the Court entered a second Scheduling Order which set

September 1, 2013 as the deadline for amendment of pleadings. *Scheduling Order* [#58] at 6.

On August 16, 2013, Plaintiffs filed a Motion for Leave to Amend the Complaint [#63] which was denied pursuant to D.C.COLO.LCiv.R 7.1A [#66].

On August 22, 2013, Plaintiffs filed the instant Motion. Pursuant to the Motion, Plaintiffs seek to amend their Amended Complaint [#11] "to add the City and County of Denver, as [a] Defendant[ ] in this action," and to clarify allegations in the Amended Complaint [#11]. *Motion* [#67] at 2; *compare Am. Compl.* [#11] *with Proposed Second Am. Compl.* [#64].

**II. ANALYSIS**

The pleading amendment deadline expired on September 1, 2013. *See Scheduling Order* [#58] at 6 § 9(a). The instant Motion was filed on August 22, 2013 and was, therefore, timely filed. *See generally Motion* [#67].

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). The purpose of Rule 15 is to afford "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P.

15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend its complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

After carefully reviewing Plaintiffs' Amended Complaint [#11] and proposed Second Amended Complaint [#64], the Court agrees with Plaintiffs that the proposed amendment is an effort to clarify Plaintiffs' claims with additional facts and "add the City and County of Denver" as a Defendant. *Motion* [#67] at 2. Accordingly, the Court finds that Defendant will not be prejudiced by allowing the filing of the Second Amended Complaint. Moreover, Defendant and the proposed additional Defendant have ample time to prepare their defenses. The deadline for the completion of discovery is still more than six months away, and the deadline for filing dispositive motions is April 1, 2014. *Scheduling Order* [#58] at 6 §§ 9(b) and (c).

The Court also finds that Plaintiffs have demonstrated good cause for amending their Amended Complaint [#11]. It is eminently reasonable to allow Plaintiffs to timely amend the Amended Complaint so as to clarify their allegations. *Motion* [#67] at 2. Permitting such amendment will benefit both parties and the Court by clarifying the issues in the case.

## III. CONCLUSION

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#67] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Second Amended Complaint [#64] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that the caption shall be amended accordingly.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Second Amended Complaint on or before **October 7, 2013**.

IT IS FURTHER **ORDERED** that Plaintiff shall serve the Second Amended Complaint on Defendant City and County of Denver and file proof of service of same on or before **September 30, 2013**.

Dated: September 16, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge