**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2365-WJM-KLM

CLAYBORN CARRIKER, and
DORIS CARRIKER,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
ISS FACILITY SERVICES, INC.,

      Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT DENVER'S RENEWED MOTION TO DISMISS

---

      Plaintiffs Clayborn Carriker and Doris Carriker (collectively "Plaintiffs") bring this action against Defendants City and County of Denver, Colorado ("Denver") and ISS Facility Services, Inc. (together "Defendants"), alleging that their negligence proximately caused Clayborn Carriker to slip and fall on the premises of the Denver International Airport ("DIA"), causing him injuries, and that Doris Carriker suffered a consequential loss of consortium.  (Second Am. Compl. ("SAC") (ECF No. 64) ¶¶ 21-41.)  Before the Court is Denver's Renewed Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion").  (ECF No. 74.)  For the reasons set forth below, the Motion is granted in part and denied in part.

## I.  BACKGROUND

      Plaintiffs Clayborn Carriker and Doris Carriker are a married couple residing in Florida.  (SAC ¶¶ 7-9.)  On August 23, 2011, Plaintiffs were traveling by air and

changed planes at DIA en route to Iowa.  (*Id.* ¶ 16.)  While entering a restroom in

Terminal 4 of DIA, Mr. Carriker slipped on an unknown slippery substance on the floor

and fell.  (*Id.* ¶¶ 1, 25.)  Mr. Carriker suffered a fractured hip and other injuries.  (*Id.*)

Due to his injuries, Mrs. Carriker was consequently deprived of her husband's

consortium.  (*Id.* ¶ 41.)

In letters from Plaintiffs' counsel dated December 15, 2011, Plaintiffs each

notified Denver of their intent to sue Denver for damages (together "Notices").  (*See*

ECF No. 74 Exs. A & B.)  Plaintiffs' letters each described the incident, Mr. Carriker's

injuries, and Mrs. Carriker's alleged loss of consortium.  (*Id.*)

Plaintiffs filed their Complaint (ECF No. 1) on September 5, 2012, and an

Amended Complaint (ECF No. 11) on October 5, 2012.  Plaintiffs alleged that

Defendants were liable under the Colorado Premises Liability Act ("CPLA"), Colo. Rev.

Stat. §§ 13-21-115, *et seq*., and that their injuries were caused by Defendants'

negligent failure to maintain the bathroom floor in a safe condition, failure to warn of the

danger of the slippery substance on the floor, failure to install and maintain a non-slip

surface on the floor, and failure to train and supervise their personnel to maintain the

safety of the premises.  (ECF No. 11 ¶¶ 24-29.)

On May 30, 2013, the Court granted Denver's Motion to Dismiss, finding that

Denver was immune from suit because Plaintiffs' claims did not fall into any exception

to the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. §§ 24-10-101 *et*

*seq.*  (ECF No. 41.)  Plaintiffs sought to amend the Complaint a second time to reassert

and clarify their allegations against Denver.  On September 16, 2013, the Court granted

2

Plaintiffs' Motion for Leave to Amend the Complaint and accepted the SAC as filed. (ECF No. 69.)  The SAC restated Plaintiffs' claims against Denver and added an allegation that Defendants negligently constructed the floor at DIA such that its inherent slipperiness was exacerbated by the unknown slippery substance on it.  (ECF No. 64 ¶¶ 25, 27.)

On October 9, 2013, Denver filed the instant Motion.  (ECF No. 74.)  Plaintiffs filed their Response on October 22, 2013 (ECF No. 76), and Denver filed its Reply on November 4, 2013.  (ECF No. 77.)

## II.  LEGAL STANDARD[1]

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power &*

---

[1] Although the Motion is filed pursuant to both Rules 12(b)(1) and 12(b)(6), all of Denver's arguments in the Motion are asserted under Rule 12(b)(1).  Accordingly, the Court addresses only that subsection herein.

*Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Id.*

### III.  ANALYSIS

The Motion raises three arguments that Plaintiffs' claims against Denver should be dismissed: (1) Plaintiffs' claim that the floor at DIA was negligently constructed must be dismissed for failure to comply with the notice provisions of the CGIA; (2) Denver is immune to Plaintiffs' claims for negligent failure to supervise, train, warn, or install a non-slip surface, because they do not fall within recognized exceptions to the CGIA; and (3) Mrs. Carriker's loss of consortium claim should be dismissed because it is derivative of Mr. Carriker's claim.  (ECF No. 74 at 16-11.)  The Court will discuss each argument in turn.

### A.    Notice

The CGIA codifies governmental immunity from suit in tort cases brought against Colorado public entities and employees.  Colo. Rev. Stat. §§ 24-10-101 *et seq.*  "Cities and counties are within the [CGIA's] definition of 'public entity.'"  *Springer v. City & Cnty. of Denver*, 13 P.3d 794, 799 (Colo. 2000); Colo. Rev. Stat. § 24-10-103(5).  However, the CGIA also contains exceptions, waiving immunity for certain cases.  *See* Colo. Rev. Stat. § 24-10-106(1).  The question of whether governmental immunity under the CGIA has been waived is one of subject matter jurisdiction.  *See Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 925 (Colo. 1993).

The CGIA "requires a person claiming to have suffered an injury by a public

entity to file written notice within 180 days after the discovery of the injury, regardless of whether the person knew all of the elements of the claim." *Id.* at 923.  The notice requirement is a jurisdictional prerequisite to a tort action under the CGIA, and "failure of compliance shall forever bar any such action."  Colo. Rev. Stat. § 24-10-109(1). Nevertheless, the Colorado Supreme Court has held that the term "compliance" in § 24-10-109(1) is not to be interpreted as "strict compliance" but rather as "substantial compliance".  *Woodsmall v. Reg'l Transp. Dist.*, 800 P.2d 63, 69 (Colo. 1990); *see also City & Cnty. of Denver v. Crandall*, 161 P.3d 627, 632 n.5 (Colo. 2007) (contrasting the notice's timeliness requirement, which is subject to strict compliance, with "the adequacy of the notice's contents[, which] is subject to a substantial compliance standard").  To substantially comply with the notice requirement, a claimant is required "to file written notice with the public entity and to make a good faith effort to include within the notice, to the extent the claimant is reasonably able to do so, each item of information listed in Section 24-10-109(2)."  *Woodsmall*, 800 P.2d at 69.  The requisite information that must be contained in the notice is as follows:

> (a) The name and address of the claimant and the name and address of his attorney, if any;
> (b) A concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of;
> (c) The name and address of any public employee involved, if known;
> (d) A concise statement of the nature and the extent of the injury claimed to have been suffered;
> (e) A statement of the amount of monetary damages that is being requested.

Colo. Rev. Stat. § 24-10-109(2).

Denver acknowledges that Plaintiffs provided timely Notices, but contends that

they fail to substantially comply with § 24-10-109(2) because they made no mention of "negligent construction" as the basis for Plaintiffs' claims.  (ECF No. 74 at 7.)  In support of its argument, Denver cites *Hamon Contractors, Inc. v. Carter and Burgess, Inc.*, 229 P.3d 282, 298 (Colo. Ct. App. 2009), wherein the plaintiff's letters failed to substantially comply with the notice requirement because they did not allege any injury relating to inadequate drainage design that predated the plaintiff's contract with the city, instead mentioning only injuries from drainage problems during the term of the contract.  (*See* ECF No. 74 at 7.)

Denver argues that Plaintiffs' failure to state in their Notices that their injuries were caused by negligent construction of the floor, and not solely a slippery substance on the floor, is analogous to *Hamon*.  (*Id.*)  The Court finds *Hamon* readily distinguishable.  The *Hamon* court found the plaintiff's notice inadequate because it failed to allege the factual basis, including the date and circumstances of the act complained of, for the pre-contractual tort claims it later brought.  *See* 229 P.3d at 298; Colo. Rev. Stat. § 24-10-109(2)(b).  Here, however, Denver does not dispute that Plaintiffs' Notices properly allege the injuries they suffered, and a factual description of how and when the injuries occurred.  Plaintiffs' Notices thus satisfy the requirements of § 24-10-109(2)(b) and (d) that a claimant must indicate the "factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of", and describe "the nature and the extent of the injury".

Denver's argument amounts to an assertion that Plaintiffs' Notices are deficient because they fail to allege the *legal* basis for their claims, namely, negligent

construction of the floor at DIA.  However, the plain language of the CGIA does not require a claimant to provide notice of its legal theory of the claim, and Denver has cited no authority supporting such a requirement.  Accordingly, the Court finds that Plaintiffs' Notices substantially comply with the notice requirement of § 24-10-109(2), and dismissal of Plaintiffs' claims is not warranted on that basis.

## B.   Failure to Supervise, Train, Warn, and Install a Non-Slip Surface

Denver next moves to dismiss Plaintiffs' claims for negligent failure to train and supervise employees, failure to warn of a hazardous condition, and failure to install and maintain a non-slip surface, contending that the CGIA provides it with immunity from these claims.  (ECF No. 74 at 8.)  Plaintiffs state that their claims against Denver fall under an exception to the CGIA at § 24-10-106(1)(c), wherein "[s]overeign immunity is waived by a public entity in an action for injuries resulting from . . . [a] dangerous condition of any public building".  (SAC ¶ 5.)  The CGIA defines "dangerous condition" as:

> either a physical condition of a facility or the use thereof that constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity or public employee in constructing or maintaining such facility. . . .  A dangerous condition shall not exist solely because the design of any facility is inadequate.

Colo. Rev. Stat. § 24-10-103(1.3).

Denver does not contest that Plaintiffs' claims for negligent construction and negligent maintenance appear to fall within § 24-10-103(1.3), but instead argues that Plaintiffs' claims for negligent failure to train and supervise employees, failure to warn of a hazardous condition, and failure to install and maintain a non-slip surface on the floor

do not fall under the "dangerous condition" exception.  (ECF No. 74 at 8-10.)  Denver

cites Colorado case law holding that these types of claims are not encompassed in

negligent construction or maintenance for the purposes of determining whether

immunity has been waived under the CGIA.  (ECF No. 74 at 9-10 (citing, *e.g.*, *Douglas*

*v. City & Cnty. of Denver*, 203 P.3d 615, 619 (Colo. App. 2008) ("the failure to post

warning signs or to supervise does not involve the use of a dangerous physical

condition of the building that is associated with its maintenance" and "'[m]aintenance'

does not include any duty to upgrade, modernize, modify, or improve the design or

construction of a facility"); *Mason v. Adams*, 961 P.2d 540, 546 (Colo. Ct. App. 1997)

("the failure to post warning signs cannot serve as the basis for finding a dangerous

condition and thus a waiver of sovereign immunity")).)

Plaintiffs' Response does not cite any contrary case law, and unsuccessfully

attempts to factually distinguish the cases cited by Denver.  (*See* ECF No. 76 at 9-11.)

Plaintiffs have failed to establish any legal basis for this Court to diverge from the

holdings therein.  Accordingly, the Court finds that, insofar as they are construed as

separate claims for relief, Plaintiffs' claims against Denver for failure to train and

supervise, failure to warn, and failure to install a non-slip floor are barred by the CGIA.

Therefore, Denver's Motion is granted as to these separate claims.

However, Plaintiffs raise another argument, contending that the failure to warn is

"evidence of negligence in the maintenance of the building," and the failure to install a

non-slip floor is an indication of "defective initial construction."  (*Id.* at 11.)  That is,

these allegations are not to be construed as separate claims that must each fall under

an exception to the CGIA, but instead should be considered "constituent evidentiary

pieces of Plaintiffs' claim" for negligent construction and maintenance.  (*Id.* at 9.)

Plaintiffs' argument is supported by the Colorado Court of Appeals' decision in *Mason*

*v. Adams*, in which the state's failure to post warning signs did not fall under an

exception to the CGIA, but the trial court did not err in considering it as evidence

indicating that the state had ignored available means to mitigate the existing danger of

loose sand and gravel on the roadway.  *See Mason*, 961 P.2d at 547.

Construed as such, the Court finds that Plaintiffs' contentions regarding Denver's

alleged failure to train, supervise, warn, and install a non-slip floor may be considered

as factual and evidentiary allegations supporting their claims for negligent construction

and maintenance, but not as separate claims upon which liability may be based.

### C.    Loss of Consortium

With respect to Mrs. Carriker's loss of consortium claim, Denver merely refers to

its previous two arguments: first, that Mrs. Carriker failed to comply with the notice

requirement of the CGIA, and second, that because Mr. Carriker's claims must be

dismissed in their entirety, the derivative loss of consortium claim must also be

dismissed.  (ECF No. 74 at 10-11.)

As discussed above, the Court has found that Plaintiffs substantially complied

with the notice requirement, and has dismissed Plaintiffs' claims against Denver for

negligent failure to train, supervise, warn, and install a non-slip floor only insofar as

those allegations are construed as separate claims.  Mr. Carriker's claims for negligent

construction and maintenance under the Colorado Premises Liability Act remain

pending.  Accordingly, the Court finds no basis on which to dismiss Mrs. Carriker's loss

of consortium claim, and the Motion is denied in that respect.

**IV.  CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows:

1. Denver's Renewed Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 74) is GRANTED IN PART and DENIED IN PART;

2. The Motion is GRANTED with respect to Plaintiffs' claims for failure to train, supervise, warn, and install a non-slip floor, insofar as those allegations are construed as separate claims; and

3. The Motion is DENIED in all other respects.

Dated this 22nd day of July, 2014.

BY THE COURT:

William J. Martínez
United States District Judge